**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KARL SHAW, | : | |
| | : | **Case No. 2:18-cv-483** |
| Plaintiff, | : | |
| | : | **Judge James L. Graham** |
| vs. | : | |
| | : | **Magistrate Judge Chelsey M. Vascura** |
| CITY OF COLUMBUS, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANTS

Now come Defendants, City of Columbus and Chief Kimberley Jacobs, and for their answer to the Plaintiff's Complaint state the following:

1.      With respect to the allegations contained in Paragraph 1 of the Complaint, admit that the Plaintiff has purported to bring claims under ORC 4112.02(A) and (J) as well as 42 USC 2000e but deny that the Plaintiff in entitled to any relief under those statutes or others. The Defendants further deny the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Admit the allegations contained in Paragraph 2 of the Complaint.

3.      Admit the allegations contained in the first two sentences of Paragraph 3 of the Complaint. The Defendants further state that there are approximately 9,100 employees of the City of Columbus of which approximated 2,275 are employed by the Division of Police.

4.      Admit the allegations contained in the first sentence of Paragraph 4 of the Complaint. The Defendants state that the second sentence in Paragraph 4 contains legal conclusions and no further response is required to those allegations.

5.       State that the allegations contained in Paragraph 5 of the Complaint state a legal conclusion and no further response is required.  To the extent a response is required, the allegations are denied.

6.       With respect to the allegations contained in Paragraph 6 of the Complaint, admit that venue is proper in this Court and deny the remaining allegations contained in Paragraph 6 of the Complaint.

7.       Admit the allegations contained in Paragraph 7 of the Complaint.

8.       With respect to the allegations contained in Paragraph 8 of the Complaint, admit that the Plaintiff has worked for the Columbus Division of Police for over 25 years and that he worked in the Strategic Response Bureau.  The Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.       Deny for lack of knowledge the allegations contained in Paragraph 9 of the Complaint.

10.      Deny for lack of knowledge the allegations contained in Paragraph 10 of the Complaint.

11.      Deny for lack of knowledge the allegations contained in Paragraph 11 of the Complaint.

12.      With respect to the allegations contained in Paragraph 12 of the Complaint, admit that in the time period in question, one of Sergeant Moore's responsibilities was to oversee the use of police surveillance equipment.  The Defendants deny for lack of knowledge the remaining allegations contained in Paragraph 12 of the Complaint.

13.      Deny the allegations contained in that Paragraph.

14.     With respect to the allegations contained in Paragraph 14, admit that the Columbus Division of Police investigated Moore but deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.     With respect to the allegations contained in Paragraph 15 of the Complaint, admit that the Columbus Division of Police opened an investigation of Officer Wes Sorrel but deny the remaining allegations contained in Paragraph 15 of the Complaint.

16.     With respect to the allegations contained in Paragraph 16 of the Complaint, admit that Officer Sorrell was relieved of his gun and badge during the pendency of his investigation and that Sergeant Moore was not relieved of his gun and badge during the pendency of his investigation.  The Defendants further admit that Sergeant Moore was given a no contact order during the pendency of the investigation.  The Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Deny for lack of knowledge the allegations contained in Paragraph 17 of the Complaint.

18.     With respect to the allegations contained in Paragraph 18 of the Complaint, admit that the internal investigations into Sergeant Moore and Officer Sorrell lasted over a year and a half.  The Defendants further admit that Sergeant Moore was terminated but was reinstated by an arbitrator.   The Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19.     With respect to the allegations contained in Paragraph 19 of the Complaint, admit that the Plaintiff was not in Sergeant Moore's chain of command and further admit that the Plaintiff has not witnessed any of the allegations he has made about Sergeant Moore.  The Defendants further admit that the Plaintiff has simply stated things he has learned through

hearsay about Sergeant Moore.  The Defendants further admit that the Plaintiff reported these hearsay rumors to the Internal Affairs Bureau.  The Defendants deny for lack of knowledge the remaining allegations in Paragraph 19 of the Complaint.

20.     Admit the allegations contained in the first sentence of Paragraph 20 of the Complaint and deny the remaining allegations contained in Paragraph 20.

21.     With respect to the allegations contained in Paragraph 21 of the Complaint, admit that Moore allowed to fill two openings but deny the remaining allegations contained in Paragraph 21.

22.     With respect to the allegations contained in Paragraph 22, admit that the Plaintiff applied for the positions referenced in that paragraph but deny for lack of knowledge the remaining allegations contained in Paragraph 22 of the Complaint.

23.     With respect to the allegations contained in Paragraph 23 of the Complaint, admit that Sergeant Moore selected a white officer for a position in the narcotics unit in late 2014 and further admit that Sergeant Moore passed over both white and African-American officers in order to fill the position and that when the Police Chief learned what happened, she undid the entire selection.  The Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24.     With respect to the allegations contained in Paragraph 24 of the Complaint, admit that Shaw and Lancaster were interviewed for positions in the narcotics unit but deny for lack of knowledge the remaining allegations contained in that paragraph.

25.     Deny for lack of knowledge the allegations raised in Paragraph 25 of the Complaint.

26.     Deny for lack of knowledge the allegations contained in Paragraph 26 of the Complaint.

27.     Deny for lack of knowledge the allegations contained in Paragraph 27 of the Complaint.

28.     Deny for lack of knowledge the allegations contained in Paragraph 28 of the Complaint.

29.     With respect to the allegations contained in Paragraph 29 of the Complaint, admit that the hiring process for the narcotics unit was redone and that other individuals were placed in charge of the process and further admit that Sergeant Moore retained his post.  The Defendants deny for lack of knowledge the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Deny the allegations contained in Paragraph 30 of the Complaint.

31.     With respect to the allegations contained in Paragraph 31 of the Complaint, admit that the Plaintiff withdrew from consideration for a position on the narcotics unit and deny the remaining allegations contained in that paragraph.

32.     Deny for lack of knowledge the allegations contained in Paragraph 32 of the Complaint.

33.     With respect to the allegations contained in Paragraph 33 of the Complaint, admit that both narcotics positions were filled by white officers and further admit that the Plaintiff withdrew his application for those positions.  The Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint.

34.     With respect to the allegations contained in Paragraph 34 of the Complaint, admit that the Plaintiff applied for a position on freeway patrol.  The Defendants deny for lack of knowledge the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Deny for lack of knowledge the allegations contained in Paragraph 35 of the Complaint.

36.     Deny the allegations contained in Paragraph 36 of the Complaint.

37.     With respect to the allegations contained in Paragraph 37 of the Complaint, admit that Sergeant Moore remained on active duty during the pendency of his investigation.  The Defendants further state that the investigative report speaks for itself and no further response is required.

38.     With respect to the allegations contained in Paragraph 38 of the Complaint, admit that Chief Jacobs terminated Sergeant Moore and further states that her decision on his termination speaks for itself and no further response is required.

39.     With respect to the allegations contained in Paragraph 39 of the Complaint, state that the arbitration award speaks for itself and no further response is required.

40.     Deny the allegations contained in Paragraph 40 of the Complaint.

41.     Deny for lack of knowledge the allegations contained in Paragraph 41 of the Complaint.

42.     Deny for lack of knowledge the allegations contained in Paragraph 42 of the Complaint.

43.     Deny the allegations contained in Paragraph 43 of the Complaint.

44.     Deny the allegations contained in Paragraph 44 of the Complaint.

45.     Deny the allegations contained in Paragraph 45 of the Complaint.

46.     Deny the allegations contained in Paragraph 46 of the Complaint.

47.     Deny for lack of knowledge the allegations contained in Paragraph 47 of the Complaint.

48.     With respect to the allegations contained in Paragraph 48 of the Complaint, admit that the Ohio Civil Rights Commission issued a probable cause finding.

49.     Deny for lack of knowledge the allegations contained in Paragraph 49 of the Complaint.

50.     State that the allegations contained in Paragraph 50 of the Complaint state a legal conclusion and no further response is required.  To the extent a response is required, the allegations are denied.

51.     With respect to the allegations contained in Paragraph 51 of the Complaint, restate and incorporate by reference their responses to Paragraphs 1 through 50 of the Complaint as if restated herein.

52.     Deny the allegations contained in Paragraph 52 of the Complaint.

53.     With respect to the allegations contained in Paragraph 53 of the Complaint, restate and incorporate by reference their responses to Paragraphs 1 through 52 of the Complaint as if restated herein.

54.     Deny the allegations contained in Paragraph 54 of the Complaint.

55.     With respect to the allegations contained in Paragraph 55 of the Complaint, restate and incorporate by reference their responses to Paragraphs 1 through 54 of the Complaint as if restated herein.

56.     Deny the allegations contained in Paragraph 56 of the Complaint.

57.     Deny the allegations contained in Paragraph 57 of the Complaint and further deny that the Plaintiff is entitled to the relief he seeks or to any relief whatsoever.

58.     Deny each and every allegation not specifically admitted to in this Answer.

59.     WHEREFORE, having answered the Plaintiff's complaint, raise the following defenses, including affirmative defenses.

60.     The Plaintiff's Complaint has failed to state a claim upon which relief can be granted.

61.     The Plaintiff has failed to exhaust all administrative remedies.

62.     The Plaintiff's claims are barred by the applicable statutes of limitations.

63.     The Defendants had legitimate non-discriminatory reasons for the actions they took against the Plaintiff.

64.     The Plaintiff's damages are barred by his failure to mitigate.

65.     The Plaintiff lacks standing to bring this complaint.

66.     The Defendants enjoy immunity due to Chapter 2744 of the Ohio Revised Code.

67.     The Plaintiff's claims are barred by the doctrine of accord and satisfaction.

68.     The Defendants reserve the right to add additional defenses, including affirmative defenses, as discovery proceeds in this case.

Respectfully submitted,
**CITY OF COLUMBUS, DEPARTMENT OF LAW**
**ZACH KLEIN**

 /s/ Richard N. Coglianese
Richard N. Coglianese (0066830)
Cynthia L. Peterson (0065133)
Assistant City Attorneys
77 North Front Street, 4th Floor
Columbus, Ohio 43215
(614) 645-7385 Phone; (614) 645-6949 Fax
rncoglianese@columbus.gov; clpeterson@columbus.gov
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Answer of Defendants has been served by operation of this Court's electronic filing system, this 23rd day of May 2018 on the following:

Frederick M. Gittes
Jeffrey P. Vardaro
The Gittes Law Group
723 Oak Street
Columbus, Ohio 43205

Sean L. Walton, Jr.
Chanda L. Brown
Walton & Brown, LLP
395 East Broad Street, Suite 200
Columbus, Ohio 43215

/s/ Richard N. Coglianese
Richard N. Coglianese