**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KARL SHAW,** | : | |
| | : | Case No.  2:18-cv-483 |
| **Plaintiff,** | : | |
| | : | Judge James L. Graham |
| vs. | : | |
| | : | Magistrate Judge Chelsey M. Vascura |
| **CITY OF COLUMBUS,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE IMPERMISSIBLE
ARGUMENT FROM DEFENDANTS' SUMMARY JUDGMENT REPLY**

**I.     Introduction**

The Defendants cite no authority in defense of their improper effort to draw an adverse inference regarding the Plaintiff's credibility based on the fact that he consulted with an attorney. Instead, they admit their purpose in mentioning the Plaintiff's attorney consultation was to generate an impermissible inference that his testimony is "self-serving," which, they claim, means that the Plaintiff's unimpeached, unrebutted testimony must be disregarded.  The Defendants provide no controlling or relevant legal support for this incorrect assertion and ignore clear, controlling case law to the contrary.  Their inappropriate references should be stricken, and the Plaintiff's undisputed testimony should be treated as such for summary judgment purposes.

**II.    The Defendants Admit Their References to the Plaintiff's Attorney
Communications Were Intended to Generate an Impermissible Inference.**

As a starting point, it must be noted that the Defendants do not dispute that the record simply does not support their claim that Officer Shaw was "represented by a lawyer" in February 2015, when he was deterred by a retaliatory threat from accepting a Narcotics assignment.  This reference in the Defendants' reply memorandum (Doc. 29, p. 3) must be stricken for this independent reason.

1

Nor do the Defendants provide any permissible purpose or any case law support for their repeated references to the Plaintiff's decision to consult an attorney at some point prior to August 2014. Instead, they state, "[P]ointing out that Shaw had consulted with an attorney before engaging in this heads I win, tails you lose complaint is not raising a new argument. It is shedding light on his motivations." (Doc. 31, p. 2). Of course, raising a new basis for doubting the Plaintiff's "motivations" *is* making a new argument, and is therefore impermissible in a reply memo. But new or not, the Defendants' admitted purpose is simply improper. As multiple courts have recognized, "Although 'mere reference to the fact that a conversation between attorney and client occurred is not privileged,' such evidence is prohibited if it is solely being offered to 'enable the jury to draw an adverse inference therefrom.' " *See Broyles v. Cantor Fitzgerald & Co.*, 2016 U.S. Dist. Lexis 122625, *8 (M.D.La.) (quoting *Beraha v. Baxter Healthcare Corp.*, 1994 U.S. Dist. LEXIS 12523, 1994 WL 494654, *3 (N.D.Ill.)); *accord King Drug Co. of Florence v. Cephalon, Inc.*, 2016 U.S. Dist. LEXIS 7477, *27-28 (E.D.Pa.). Because the sole, admitted purpose of the Defendants' references to Officer Shaw's attorney communications was to invite an improper, negative inference about Shaw's motivations, these references cannot be permitted to stand and must be stricken.

**III.    The Defendants' Arguments Related to the Merits Are Inappropriate, Inaccurate, and Contrary to Law.**

The Defendants' response to the motion to strike goes beyond merely acknowledging the improper purpose of the references to Officer Shaw's attorney communications. Rather than focusing on the issue at hand, the response serves as an unwarranted additional brief on the merits of the Plaintiff's claims. Although the additional attacks on the Plaintiff's undisputed testimony have virtually nothing to do with the motion to strike, they require a response to avoid misleading the Court.

First, the Defendants repeat the misleading mantra from their prior memoranda that "[Shaw] complains that he was not offered the job and that he was offered the job." [Doc. 31, p. 2; see also Doc. 18 (Memo in Support of Summary Judgment, p. 18)]. This argument not only has nothing to do with the Plaintiff's motion to strike; it has very little to do with any of the Plaintiff's filings. The Defendants know very well that the Plaintiff has never "complain[ed] . . . that he was offered the job." They are simply taking one more stab at deliberately mischaracterizing the Plaintiff's core legal claim, which, again, arose not from the fact that he was offered a job in Narcotics, but that he was illegally deterred from *accepting* that offer by an admittedly, openly retaliatory threat, which was made with impunity by his superior officer.

Not stopping there, the Defendants seek one more opportunity to address the Plaintiff's testimony that he was, in fact, deterred by the threat. It is this testimony, and Shaw's consistent, contemporaneous, recorded statement, independently verified by Lt. Brust, that the Defendants seek to discount by noting that he had previously spoken to an attorney. Because their own senior officials, including then-Chief Jacobs and then-Safety Director Speaks, admitted it was reasonable for Officer Shaw to be deterred by Sgt. Moore's threat, and because Moore himself admitted his motive for making the threat was retaliation for Shaw's prior protected activity, the *only way* the Defendants could prevail on either their own summary judgment motion or the Plaintiff's is to rebut his testimony that the threat caused him to pass on the job.

They have not done so. They have presented no contrary testimony, no inconsistent documents (in fact, contemporaneous emails confirm Shaw's account, *e.g.* Dep. Exh. 21), and no legitimate basis for attacking Shaw's credibility. Instead, the Defendants contend Shaw's testimony must be disregarded purely because it is "self-serving." They cite just a single, out-of-jurisdiction case to contend that "Shaw's argument ignores the law." (Doc. 31, p. 2 (citing *Young*

3

*v. UPS*, 992 F.Supp. 2d 817, 830 (M.D.Tenn. 2014)).  Once again, the Defendants have missed the mark.  The Defendants' proposition that a party's own testimony, even when unrebutted and unimpeached, cannot be used for summary judgment purposes, is simply incorrect.

First, it must be noted that in *Young* itself, the exact testimony referenced in the Defendants' quotations (the employee's testimony that his supervisor told him he needed to "commit yourself more to your job," which the supervisor denied) *was* relied upon for summary judgment purposes, and was even directly credited by the court in establishing that the plaintiff had met his prima facie burden. 992 F.Supp. 2d at 828-29.

More important, the principle for which the Defendants cite *Young*—its thinly sourced dictum that "self-serving and conclusory allegations are insufficient to overcome a motion for summary judgment"[1]—is not applicable here and not an accurate reflection of the law in the Sixth Circuit.  In *Harris v. J.B. Robinson Jewelers*, the Sixth Circuit stated as follows:

> Robinson also contends that Harris's testimony is "self-serving," and therefore should not be considered by the court. We do not agree. A court may not disregard evidence merely because it serves the interests of the party introducing it. *See Niemi v. NHK Spring Co.*, 543 F.3d 294, 300 (6th Cir. 2008) ("[Plaintiff's] affidavit, albeit arguably self-serving, is not 'no evidence.' "); *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 513 (5th Cir. 1999) (reversed on other grounds) ("[M]erely claiming that the evidence is self-serving does not mean we cannot consider it or that it is insufficient.").

627 F.3d 235, 239 (6th Cir. 2010).  The Sixth Circuit reaffirmed this approach to weighing "self-serving" statements as recently as this past September, albeit in slightly different circumstances.  *See Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019) ("It matters not whether Gresham's allegations are 'self serving,' . . . .  It's well to remember that it's the rare statement in any

---

[1] The *Young* court's only cited source for this notion was *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), which says nothing about "self-serving" testimony and simply requires evidence beyond the pleadings to demonstrate the existence of a material factual dispute.

pleading that is not self-serving. At one level, all statements in litigation are self-serving. There's nothing wrong with that. So long as the allegations are plausible at the pleading stage and supported by evidence at the summary judgment stage, they will be considered.").

Importantly in the context of this case, the same is true of allegedly "self-serving" testimony when it is proffered in *support* of summary judgment and not rebutted by the non-movant. *See Werbowsky v. American Waste Servs.*, 1998 U.S.App. LEXIS 31984, *16-17 (6th Cir.) (affirming summary judgment over non-movant's objection that movant's statements were "self-serving," stating, "[the movant's] statements were sufficient to require [the non-movant] to come forward with evidence on which a reasonable jury could find for him. He did not.").

Similarly, in *Sherrod v. Enigma Software Group USA, LLC*, this Court stated, "A party's affidavit alone may be sufficient to defeat summary judgment, and the Defendant does not explain why self-serving statements in the Plaintiff's affidavit are insufficient to support the denial of summary judgment here." 2014 U.S.Dist. LEXIS 137329, *18-19 (S.D. Ohio) (citations omitted).  The opinion in *Sherrod* also quoted *Cadle Co. v. Hayes*, 116 F.3d 957, 961 n.5 (1st Cir. 1997), for the proposition that "A party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to *support or defeat* summary judgment." 2014 U.S. Dist. LEXIS 137329 at *19 (emphasis added).

The same was true in *Vaughn v. Rent-a-Center, Inc.*, 2009 U.S. Dist. LEXIS 20747, *26 n.5 (S.D.Ohio), where, as here, the plaintiff's testimony was not only not barred, but undisputed:

> Rent-A-Center characterizes this evidence as "self serving and conclusory statements" and claims that it cannot be used to raise an issue of fact to defeat summary judgment. But courts no longer bar a party from testifying on its own behalf merely because that testimony is necessarily "self serving." *see* 1 Kenneth S. Broun, McCormick on Evidence §65 (6th ed.). Furthermore, Rent-A-Center has not come forward with any evidence that contradicts Vaughn's testimony. Consequently, this argument is unavailing.

This issue was also well summarized in *Rainer v. Refco, Inc.* 2007 U.S.Dist. LEXIS 6635, *16 (S.D.Ohio), where the court stated:

> [I]t is the nature of affidavits submitted by parties to litigation to be self-serving. The fact that the person submitting the affidavit has an interest in the outcome of the case which would be furthered by certain statements within the affidavit is not grounds for disregarding the affidavit. Otherwise, where, as here, the alleged discriminatory comments were made only in the plaintiff's presence and without other witnesses, a rule treating the plaintiff's affidavit about those statements as "self-serving" and therefore insufficient to defeat summary judgment would prevent the Court from considering that evidence if the person making the comments simply denied that the events occurred. Courts which have disregarded affidavits on the grounds that they are "self-serving" do so only if the affidavits state facts which are not based on personal knowledge or are conclusory.

These precedents—none of which are alluded to or acknowledged in any way in the Defendants' (self-serving) effort to dismiss the Plaintiff's testimony—are completely in line with the black-letter proposition previously cited in the Plaintiff's briefing: that courts considering summary judgment motions do not "disregard testimony merely because it is provided by an interested witness." *1704 Farmington, LLC v. City of Memphis,* 437 Fed. Appx. 387, 390 n.1 (6th Cir. 2011); *see also Carter v. Hickok*, 2017 U.S. App. LEXIS 20794, *3 (6th Cir. 2017) ("Carter was not entitled to go to trial on the hope that a jury would disbelieve the defendants' evidence."); *Fogerty v. MGM Grp. Holdings Corp.*, 379 F.3d 348, 353-54 (6th Cir. 2004) (rejecting non-movants' claim "that they can respond to this evidence simply by claiming that a jury might choose to disregard it or might find it unpersuasive" and quoting federal case law noting that non-movants "must do more than simply show that there is some metaphysical doubt as to the material facts" and "may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof").

As in *Werbowsky* and *Vaughn*, the Plaintiff's testimony here is entirely undisputed, unrebutted, and unimpeached.  He testified based on his own personal knowledge regarding,

6

*inter alia*, his decision to turn down the Narcotics job after Moore's threat, his reason for doing so, and the changes in circumstances that later compelled him to reapply for a similar position. No other witness contradicted him on any of these points. In fact, the credibility of his testimony that he was deterred at the time he spoke to Lt. Brust is supported by *all* of the Defendants' key witnesses and command staff (including Defendant Jacobs), who confirmed that the retaliatory text threat by Sgt. Moore would deter an officer from taking an assignment, especially one involving covert or undercover work. As in *1704 Farmington*, *Carter*, and *Fogerty*, the fact that Officer Shaw is an "interested" witness does not provide a legal basis for treating his unrebutted (and even agreed-upon) testimony as if it were actually in dispute. Together with the undisputed testimony of the Defendants' own witnesses and admittedly authentic documents, Officer Shaw's undisputed testimony supports an affirmative grant of summary judgment.

**IV. Conclusion**

For the reasons stated above and in its prior memorandum, the Plaintiff requests that the Court strike the impermissible references to the Plaintiff's consultations with counsel from the Defendants' summary judgment reply memorandum.

Respectfully Submitted,

/s/Frederick M. Gittes_____  
Frederick M. Gittes (0031444)  
fgittes@gitteslaw.com  
Jeffrey P. Vardaro (0081819)  
jvardaro@gitteslaw.com  
The Gittes Law Group  
723 Oak St.  
Columbus, OH 43205  
Phone: (614) 222-4735/Fax: (614) 221-9655  
Attorneys for Plaintiff Karl Shaw

/s/Sean L. Walton, Jr. (per email authority)_  
Sean L. Walton, Jr. (0088401)  
swalton@waltonbrownlaw.com  
Chanda L. Brown (0081076)  
cbrown@waltonbrownlaw.com  
Walton + Brown, LLP  
395 E. Broad Street, Suite 200  
Columbus, Ohio 43215  
(614) 636-3476/Fax: (614) 636-3453

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 6, 2020, the foregoing Reply in Support of Motion to Strike was filed with the Clerk via the CM/ECF system, which will serve notice hereof on all parties of record.

/s/Frederick M. Gittes
Frederick M. Gittes (0031444)
