## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS BETWEEN KARL SHAW AND THE CITY OF COLUMBUS

This Settlement Agreement and Release of Claims (Settlement Agreement) is entered into by and between Karl Shaw (hereinafter "Shaw"), and City of Columbus, (hereinafter "City").

**RECITALS**

**Wherefore**, Shaw filed a lawsuit against the City in the United States District Court for the Southern District of Ohio in Case No. 2:18-cv-483; and

**Wherefore**, the Lawsuit has been litigated through the present date; and

**Wherefore**, the Parties now wish to resolve the Lawsuit in full, and further resolve any and all of their respective differences, disputes and claims;

**NOW THEREFORE**, in consideration of the mutual promises, agreements, covenants, and representations contained herein, the Parties hereby agree as follows:

1. **Consideration to Karl Shaw**

In consideration for Shaw entering into this Settlement Agreement and dismissing the Lawsuit, the City of Columbus agrees to do the following:

    a. The City shall pay Shaw the gross amount of four hundred seventy five thousand dollars ($475,000) to be distributed as follows:

1

i. The first check will be payable to Karl Shaw in the amount of $25,000.00. This check represents back pay for the period February 1, 2015, to the present. All amounts representing back pay under this agreement will have deducted from them all required deductions and withholdings, contractual or otherwise, including all federal, state, and local tax withholdings as well as state pension withholdings and contributions, and will be reported to Shaw on an appropriate IRS Form W-2. The City will report this amount to the Ohio Police and Fire Pension Fund as payment for back wages of $362.32 per month for the months February 2015 through September 2020 and $362.24 for the month of October 2020. The parties will submit this settlement agreement to the Ohio Police and Fire Pension Fund for approval and will work in good faith to correct any issues that need to be corrected in order for the Pension Fund to accept employer and employee pension contributions, including contributions to Shaw's Deferred Retirement Option Plan account.

ii. The second check will be payable to Karl Shaw in the amount of $111,974.69. This check represents compensation for damages other than wages, including emotional distress, and will be reported to Shaw on Box 3 of an IRS Form 1099.

   iii. The third check will be payable to Karl Shaw in the amount of $136,974.69. This check represents compensation for damages other than wages, including emotional distress, and will be reported to Shaw on Box 3 of an IRS Form 1099.

   iv. The fourth check will be payable to The Gittes Law Group in the amount of $201,050.62, and will be reported to the Gittes Law Group on an IRS Form 1099.

   v. The first, second, and fourth checks listed above will be delivered to the Gittes Law Group within fourteen (14) days of approval of this agreement by the Columbus City Council.

   vi. The third check listed above will be delivered to the Gittes Law Group between January 4, 2021, and January 15, 2021.

2. The City of Columbus will work in good faith to arrange a meeting between Shaw and Mayor Andrew Ginther for the purpose of allowing Shaw to explain to Mayor Ginther his experience while being employed by the Columbus Division of Police.

3. The Columbus Division of Police will issue the attached instructions and changes to Directive 1.48.

## 2. Consideration to City of Columbus

In consideration for the City entering into this Settlement Agreement and agreeing to the terms detailed in Section 1 above, Shaw agrees to the following:

Page 3 of 7

a.  Shaw, for himself and on behalf of his heirs, executors, administrators, and assigns, does hereby release and forever discharge the City and its employees, officers, or agents, past or present, of all claims, demands, damages, causes of action, including suits, contribution, interest, fees, indemnity, or subrogation, whether legal or equitable, whether known or unknown, that he has or may have as of the effective date of this Settlement Agreement including, but not limited to, claims that have been or could have been brought under the Age Discrimination in Employment Act, 29 USC 621; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e; 42 U.S.C. § 1983; and O.R.C. Chapter 4112. The above-described Release includes, but is not limited to, any and all claims for damages or loss arising from her employment with the City, and the allegations set forth in the case filed with the United States District Court, Southern District of Ohio, Case Number 2:18-cv-483.

b.  As a condition of this Settlement Agreement and Release, Shaw agrees to dismiss Case Number 2:18-cv-483, Southern District of Ohio with prejudice within three days of the execution of this agreement. Dismissal shall be through a joint motion for dismissal with prejudice, requesting that the Court retain jurisdiction to enforce the parties' settlement agreement.

3. **Each Party Pays Own Attorney's Fees and Costs.** The Parties shall each bear their own attorneys' fees and costs in connection with the Lawsuit.

4. **Applicable Law.** This Settlement Agreement and Release shall be governed by the laws of the State of Ohio. Any dispute over the terms of this Settlement Agreement and Release shall be brought in the Court of Common Pleas of Franklin County, Ohio.

5. **Non-Admission.** Shaw understands and agrees the above-referenced settlement is a compromise of disputed claims and that this agreement is not to be construed as an admission of liability on the part of the City or any of its employees or agents, past or present.

6. **Complete Agreement.** This Settlement Agreement and Release contains the complete understanding between the Parties with respect to resolution of the Lawsuit. In signing this Settlement Agreement, the Parties are not relying on any fact, statement, or assumption that is not set forth in this Settlement Agreement. The Settlement Agreement and Release may not be changed or modified, except by an agreement in writing signed by the Party against whom enforcement of such change, modification, or waiver is sought. The Parties understand that the terms of this Settlement Agreement are contractual and not a mere recital.

7. **Counterparts and Copies:** This Release may be executed in counterparts, each of which shall be deemed an original, whether on paper or electronically copied or scanned, but all of which together shall constitute one and the same Settlement Agreement and Release.

8. **Full Understanding of Terms:** The Parties acknowledge and represent that they have read and fully understand all of the provisions of this Settlement Agreement and Release, and have entered into this Settlement Agreement and Release in exchange for valuable consideration.

KARL SHAW, PLEASE READ CAREFULLY BEFORE SIGNING:

PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 ET SEQ., AND THE OLDER WORKERS BENEFIT PROTECTION ACT, A WAIVER OF RIGHTS CANNOT APPLY TO AGE DISCRIMINATION CLAIMS ARISING IN THE FUTURE. BY MY SIGNATURE BELOW, I, Karl Shaw, ACKNOWLEDGE THAT:

- I HAVE READ THE AGREEMENT AND RELEASE, AND FULLY UNDERSTAND IT.

- I WAS GIVEN UP TO TWENTY-ONE (21) DAYS WITHIN WHICH TO CONSIDER THIS AGREEMENT.

- I HAVE BEEN ADVISED TO CONSULT WITH LEGAL COUNSEL PRIOR TO SIGNING THIS AGREEMENT.

- I HAVE THE RIGHT TO REVOKE THIS AGREEMENT AS IT RELATES TO AGE DISCRIMINATION, IN WRITING, FOR A PERIOD NOT TO EXCEED SEVEN (7) DAYS AFTER THE DATE ON WHICH IT IS SIGNED BY ME. I FURTHER ACKNOWLEDGE THAT IF I FAIL TO EXERCISE THIS RIGHT TO REVOKE BY SENDING A WRITTEN STATEMENT OF REVOCATION TO GEORGE SPEAKS, THIS AGREEMENT WILL BECOME A BINDING CONTRACT AS TO ITS TERM ON THE EIGHTH (8TH) DAY AFTER I SIGN THIS AGREEMENT. IF THIS AGREEMENT SHOULD BE REVOKED BY ME WITHIN THE TIME SET FORTH ABOVE, THIS AGREEMENT SHALL BE VOID AND EMPLOYER SHALL BE RELEASED FROM PERFORMANCE HEREUNDER.

**IN WITNESS WHEREOF**, the Parties each of whom having been advised by counsel and having read this Settlement Agreement and Release hereby execute this Settlement Agreement and Release of Claims.

_____
Karl Shaw

For the City of Columbus:

_____
Name: Ned Pettus, Jr.
Position: Director of Public Safety

Approved as to form:

_____
Richard N. Coglianese
City of Columbus, Department of Law

*Our community rightfully expects high standards from us. Likewise, as professionals, we must set high standards for ourselves. With this in mind, I am making changes to the disciplinary procedures for sworn personnel within the Division of Police.*

*First, the Public Accountability Subdivision Deputy Chief (Chief of Staff) will be taking a more central role in conducting Division-level disciplinary hearings. When designated, the Chief of Staff will hold disciplinary hearings with departmentally-charged employees and confer with me regarding dispositions. I will continue to make the ultimate decision on discipline recommendations to the Safety Director. My intent is for the Chief of Staff to hold most routine hearings; however, I may choose to hear some cases myself. In all cases, the involved employee may request a personal hearing with the Chief of Police.*

*Secondly, you can expect offers of leave forfeiture to be significantly curtailed. The FOP collective bargaining agreement gives me sole discretion to offer leave forfeiture in lieu of suspension in some cases. It was not uncommon for past Chiefs of Police to exercise this option. Going forward, offers of leave forfeiture will be the exception rather than the rule.*

*Absent significant mitigating circumstances, sustained EEO violations, e.g. discrimination, retaliation, hostile work environment, are critical misconduct that will result in a recommendation for suspension or termination to the Director of Public Safety, and I will not offer leave forfeiture for such violations.*

*To underscore this policy, the Division is amending Rule of Conduct 148, "Compliance with EEO Laws, Rules, Orders, Policies, and Directives."*

*When we perform our duties to the best of our ability, our badge shines. If we fail to hold others accountable when they fall short, our badge is tarnished. While I realize this announcement will not affect the vast majority of our personnel, I am confident the changes I am making will help us all be good representatives of this noble profession.*

Amended Rule 1.48 Compliance with EEO Laws, Rules, Orders, Policies, and Directives

A. Division personnel shall obey Division and City rules, orders, directives, and policies pertaining to EEO.
B. Division personnel shall obey federal, state, and local antidiscrimination statutes pertaining to EEO.
C. EEO violations that involve discrimination, retaliation, or a hostile work environment will be deemed critical misconduct. If resulting departmental charges are sustained, the standard discipline recommendation shall be suspension and/or termination.